UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

BARBARA RIVENBARK, on behalf of herself
and all others similarly situated,

    Plaintiff,

v.

MIDLAND FUNDING, LLC,
a Delaware Limited Liability Company, and
MIDLAND CREDIT MANAGEMENT, INC.,
a Kansas Corporation,

    Defendants.
_____/

## CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FDCPA
## JURY DEMAND

1. On behalf of the putative class, Plaintiff alleges a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"). Simply put, Defendants sent a demand letter to Plaintiff which failed to comply with the mandated requirements of §1692g(a) of the aforesaid federal statute.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 15 U.S.C. § 1692k. Venue in this District is proper because Plaintiff resides here and Defendants conduct business in this District.

## PARTIES

3. Plaintiff, BARBARA RIVENBARK ("Plaintiff"), is a natural person, and citizen of the State of Florida, residing in Indian River County, Florida.

4. Defendant, MIDLAND FUNDING, LLC, is a Delaware limited liability company which purchases defaulted upon consumer debts, such as credit card debt, and operates from offices located at 3111 Camino Del Rio North, Suite 1300, San Diego, California 92108.

5. Defendant, MIDLAND CREDIT MANAGEMENT, INC., is a Kansas corporation which services defaulted upon consumer debt acquired by MIDLAND FUNDING, LLC, and operates from offices located at 3111 Camino Del Rio North, Suite 1300, San Diego, California 92108.

6. Both Defendants regularly use the mail and telephone in a business, the principal purpose of which is the collection of consumer debts.

7. Both Defendants regularly collect or attempt to collect debts for themselves and other parties. They are "debt collectors" as defined in the FDCPA.

8. Both Defendants are registered as *consumer collection agencies* with the State of Florida; a "consumer collection agency" is defined as "any debt collector or business entity engaged in the business of soliciting consumer debts for collection or of collecting consumer debts, which debt collector or business is not expressly exempted as set forth in s. 559.553(4)." *See* Fla. Stat. § 559.55

9. With respect to the "Congressional findings and declaration of purpose" portion of the FDCPA, The United States Congress has declared at 15 U.S.C. § 1692:

> *(a) Abusive practices*
>
> There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.
>
> *(b) Inadequacy of laws*
>
> Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

## FACTUAL ALLEGATIONS

10. Defendant MIDLAND FUNDING, LLC purchased a defaulted upon credit card debt allegedly owed by Plaintiff; the subject debt was incurred by Plaintiff for personal, family, or household purposes, more specifically, the alleged debt at issue was related to Plaintiff's *Chase Bank USA, N.A.* credit card, which was used by Plaintiff to purchase such items as: food, clothing, and personal travel-related expenses.

11. On or about April 11, 2012, Defendant MIDLAND CREDIT MANAGEMENT, INC. (on behalf of MIDLAND FUNDING, LLC) sent Plaintiff a letter in regard to an alleged debt owed by Plaintiff. The subject letter stated Plaintiff's outstanding credit card balance.

12. The subject demand letter stated that Plaintiff was in arrears with respect to her *Chase Bank USA, N.A.* credit card.

13. The subject demand letter states in part:

> **The purpose of this letter is to advise you that Midland Funding LLC is the new owner of the above-referenced account, and Midland Credit Management, Inc. ("MCM"), a debt collection company, is now the servicer of this obligation. Midland Funding LLC received an assignment of your account with the above-listed original creditor. Accordingly, all future communication regarding the account should be addressed to MCM as servicer for Midland Funding LLC and not the previous owner.**

14. A true and correct copy of the demand letter is attached hereto as "Exhibit A".

15. As evidenced by the introductory language in the subject letter, this was Defendants' first communication with Plaintiff with respect to the debt alleged therein.

16. Under 15 U.S.C § 1692g(a)(3-4), the Defendant must provide the Plaintiff with a written statement within five days after the initial communication with a consumer in connection with the collection of a debt containing, among other things: (1) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; and (2) a statement that if

the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector. *See* 15 U.S.C § 1692g

17. Defendants' demand letter also states:

> **No collection efforts will occur on this account for at least 30 days from the date of this notice.**

18. Indeed, Defendants did not send Plaintiff any communication whatsoever for more than thirty days. In fact, Plaintiff did not receive another communication for more than three months. The second communication is attached hereto as "Exhibit B".

19. By failing to provide Plaintiff with a written statement of her rights under 15 U.S.C § 1692g(a)(3-4) within five days from the initial communication (dated April 11, 2012), Defendants have violated the Fair Debt Collection Practices Act. *See generally, Gburek v. Litton Loan Servicing, LP*, 614 F.3d 380 (7th Cir. 2010).

20. Any potential *bona fide* error defense which relies upon Defendant's mistaken interpretation of the legal duties imposed upon them by the FDCPA

would fail as a matter of law. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, L.P.A.*, 130 S.Ct. 1605 (U.S. April 21, 2010).

## CLASS ACTION ALLEGATIONS

21. This action is brought on behalf of a class consisting of (i) all persons with addresses in the State of Florida (ii) to whom letters the same form as "Exhibit A" were sent (iii) in an attempt to collect a *Chase Bank USA, N.A.* debt incurred for personal, family, or household purposes (iv) which were not returned undelivered by the U.S. Post Office (v) during the one year period prior to the filing of the original complaint in this action through the date of certification.

22. Plaintiff alleges on information and belief based upon the Defendants' use of letters in the form of "Exhibit A" that the class is so numerous that joinder of all members of the class is impractical based upon Defendants' use of letters in the form of "Exhibit A".

23. There are questions of law or fact common to the class, which common issues predominate over any issues involving only individual class members. The common factual issue common to each class member is that each was sent a letter in the form of "Exhibit A". The principal legal issues are whether Defendants' failed to provide notice to Plaintiff and members of the putative class with respect to their rights in accordance with 15 U.S.C. §1692g(a).

24. Plaintiff's claim is typical of those of the class members. All are based on the same facts and legal theories.

25. Plaintiff will fairly and adequately protect the interests of the class. She has retained counsel experienced in handling actions involving unlawful practices under the FDCPA and class actions. Neither Plaintiff nor her counsel has any interests which might cause them not to vigorously pursue this action.

26. Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

> (1) The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.
>
> (2) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

27. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that Defendant have acted on grounds generally applicable to the class thereby making appropriate declaratory relief with respect to the class as a whole. Ms. Rivenbark requests certification of a class under Rule 23(b)(3), Federal Rules of Civil Procedure, for monetary damages.

## COUNT I
## FAILURE TO PROPERLY NOTIFY PLAINTIFF OF HER RIGHTS IN ACCORDANCE WITH 15 U.S.C. § 1692g(a)(3-4)

28. Plaintiff incorporates Paragraphs 1 through 27.

29. In violation of 15 U.S.C. § 1692g(a)(3-4), Defendants failed to provide Plaintiff and the members of the putative class with a written statement within five days after the initial communication with a consumer in connection with the collection of a debt containing, among other things: (1) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; and (2) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

30. As a result of Defendants' conduct, Plaintiff and the class are entitled to an award of statutory damages pursuant to 15 U.S.C. § 1692k.

31. Plaintiff and the class are entitled to an award of costs and attorneys' fees pursuant to 15 U.S.C. § 1692k.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and in favor of the class, and against Defendants for:

    a. Statutory damages pursuant to 15 U.S.C. § 1692k;

    b. Attorney's fees, litigation expenses and costs of the instant suit; and

      c.      Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this 19th day of January, 2013.

Respectfully submitted,

By:/s/ *Scott D. Owens*
Scott D. Owens, Esq.
Florida Bar No. 0597651

SCOTT D. OWENS, ESQ.
*Attorney for Plaintiff*
664 E. Hallandale Beach Blvd.
Hallandale, FL 33009
Telephone: 954-589-0588
Facsimile: 954-337-0666
scott@scottdowens.com

*/s/ Leo W. Desmond*
LEO W. DESMOND, ESQ.
*Attorney for Plaintiff*
Florida Bar No. 0041920
5070 Highway A1A
Suite D
Vero Beach, Florida 32963
Telephone: (772) 234-5150
Facsimile: (772) 234-5231
lwd@verobeachlegal.com